| | |
|---|---|
| 1 | BENJAMIN B. WAGNER |
| | United States Attorney |
| 2 | MICHAEL D. McCOY |
| | Assistant United States Attorney |
| 3 | 501 I Street, Suite 10-100 |
| | Sacramento, CA 95814 |
| 4 | Telephone: (916) 554-2700 |
| | Facsimile: (916) 554-2900 |
| 5 | |
| 6 | Attorneys for Plaintiff |
| | United States of America |

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | CASE NO. Cr. 10-00162 JAM |
| | Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | | |
| JAIRO ZAPIEN, | | |
| | Defendant, | |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through his counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for a further status conference on June 25, 2013.

2. By this stipulation, the parties move to continue the status conference one week, until July 2, 2013 at 9:45 a.m., and to exclude time between June 25, 2013, and July 2, 2013, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

    a. The parties have been involved in plea negotiations, and the Government anticipates extending a formal written plea offer to the defendant by June 21, 2013. Once the offer is received, defense counsel will need additional time to reevaluate the discovery previously provided by the Government, review the formal plea agreement

1

with the defendant, and make recommendations to the defendant regarding acceptance or rejection of the offer. If the defendant decides to enter into the plea agreement, defense counsel will need additional time to prepare the defendant for a change of plea hearing.

    b. Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary to review the Government's formal plea offer with the defendant, and to effectively prepare for a possible change of plea, taking into account the exercise of due diligence.

    c. Both parties join in the request for the continuance.

    d. Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    e. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of June 25, 2013, to July 2, 2013, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), (B)(iv) [Local Code T4] because it results from a continuance granted by the Court on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

DATED: June 20, 2013

                    /s/ Michael D. McCoy
                    MICHAEL D. McCOY
                    Assistant United States Attorney

DATED: June 20, 2013

                    /s/ Douglass J. Beevers
                    DOUGLASS J. BEEVERS
                    Counsel for Defendant JAIRO ZAPIEN

Per e-mail authorization

**O R D E R**

IT IS SO FOUND AND ORDERED this 20th day of June, 2013.

/s/ John A. Mendez
JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE